**49D14-1710-PL-040162**

Marion Superior Court, Civil Division 14

Filed: 10/26/2017 1:10 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

STATE OF INDIANA      )     IN THE MARION SUPERIOR COURT
) SS:
COUNTY OF MARION     )      CAUSE NO. _____

KRISTINE KLEPTZ,             )
)
         Plaintiff,        )
)
     v.                )
)
MCFARLING FOODS INC,      )
)
         Defendant.      )

## SUMMONS

TO DEFENDANT:     McFarling Foods Inc.
                        c/o Peter Barickman, Registered Agent
                        333 W. 14th Street
                        Indianapolis, IN 46202

      You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

      The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

      An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

      If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated   <u>10/26/2017</u>

                             *Myla A. Eldridge*
                            Clerk, Marion County Circuit & Superior Courts

**Attorney for Plaintiff(s):**

Michael L. Schultz (20361-49)
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN 46204
Telephone:      (317) 269-2500
Facsimile:       (317) 269-2514

**Clerk Information:**

W122 City-County Building
200 E. Washington Street
Indianapolis, IN



The following manner of service of Summons is hereby designated:

   X    Registered or Certified Mail
          Service on individual at above address: County            
          Service on agent: (specify)                       
          Service by Publication

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the \_\_\_\_\_ day of _____, 2017 I mailed a copy of this Summons and a copy of the Complaint to the Defendant, McFarling Foods Inc., by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated   _____      _____
                                                          Clerk, Marion County Circuit & Superior Courts

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the \_\_\_\_\_ day of _____ 2017.

I hereby certify that the attached return receipt was received by me on the \_\_\_\_\_ day of _____ 2017, showing that the summons and a copy of the Complaint was returned not accepted.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____ (age) _____ on behalf of said Defendant on the \_\_\_\_\_ day of _____ 2017.

                                                      _____
                                                      Clerk, Marion County Circuit & Superior Courts

## SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____      _____
                                              Signature of Defendant

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:

(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the \_\_\_\_\_ day of _____ 2017.

(2) By leaving a copy of the Summons and a copy of the Complaint:
      a) at the dwelling place or usual place of abode of the Defendant
      b) with a person of suitable age and discretion residing therein, namely
          _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed on the Summons, the last known address of the Defendant.

                                        _____
                                        Sheriff of _____ County, Indiana
                                        By: _____

796102

Filed: 10/26/2017 2:16 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

STATE OF INDIANA     )
                       ) SS:
COUNTY OF MARION   )

IN THE MARION SUPERIOR COURT 14

CAUSE NO. 49D14-1710-PL-040162

KRISTINE KLEPTZ,                 )
                                   )
          Plaintiff,           )
                                   )
    v.                              )
                                   )
MCFARLING FOODS INC.,     )
                                   )
          Defendant.       )

## CERTIFICATE OF ISSUANCE OF SUMMONS

I certify that I have served a true and correct copy of the Complaint and Demand for Jury Trial and Summons to Defendant, McFarling Foods Inc., on Defendant, McFarling Foods Inc., c/o Peter Barickman, Registered Agent, 333 W. 14th Street, Indianapolis, IN 46202 via certified mail (70170530000008390375), return receipt requested on October 26, 2017.

/s/ Michael L. Schultz
Michael L. Schultz (20361-49)
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN 46204
Telephone:     (317) 269-2500
Facsimile:      (317) 269-2514
E-mail:         mschultz@parrlaw.com

796154

**49D14-1710-PL-040162**

Marion Superior Court, Civil Division 14

Filed: 10/26/2017 1:10 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
|---|---|
| KRISTINE KLEPTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MCFARLING FOODS INC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kristine Kleptz, by counsel, for her Complaint against Defendant, McFarling Foods Inc, alleges and states as follows:

### Nature of the Case

1.      This is an action at law and in equity for damages and injunctive relief by Plaintiff, Kristine Kleptz (hereinafter "Kleptz" or "Plaintiff"), against Defendant, McFarling Foods Inc (hereinafter "McFarling" or "Defendant") for injury to her person, income, and property caused by the wrongful acts of Defendant.

2.      Plaintiff brings this action pursuant to: (1) The Age Discrimination in Employment Act, 20 U.S.C. § 621, *et seq*; (2) the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in particular, 29 U.S.C. §§ 1132 and 1140; and (3) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff specifically reserves the right to assert other legal theories of recovery as may be appropriate based on the evidence obtained in discovery in this matter.

3.      Because Defendant's actions against Kleptz were taken with actual malice and/or reckless indifference to her federally protected rights, Defendant is subject to an award of punitive damages pursuant to 42 U.S.C. §1981a(b)(1).

<u>**Jurisdiction and Venue**</u>

4.      At all relevant times Plaintiff performed work for Defendant within Marion County, and Defendant routinely conducts business in Marion County, Indiana.  All the events giving rise to this cause of action occurred within or related to the employment relationship between Plaintiff and Defendant.  This Court has subject matter jurisdiction over all claims and personal jurisdiction over the parties, and venue is proper in this Court.

<u>**Parties**</u>

5.      Plaintiff, Kristine Kleptz, was at all times relevant to this suit a citizen of the State of Indiana and resided at 4430 Poplar Street, Terre Haute, Indiana 47803.

6.      Defendant, McFarling, conducts business in the State of Indiana, including Marion County, and at all relevant times maintained offices  333 W. 14th Street, Indianapolis, Indiana 46202.  Defendant is a domestic for-profit corporation licensed to conduct business in the State of Indiana.  Defendant's registered agent for service of process in Indiana is Peter Barickman, 333 W. 14th Street, Indianapolis, Indiana 46202.

<u>**Factual Allegations**</u>

7.      At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of the ADEA, Title VII, and ERISA, and was a participant and beneficiary in a welfare benefit plan or plans established by McFarling ("the Plan").

8.      At all times relevant to this Complaint, Defendant was an "employer" within the meaning of the ADEA, Title VII, and ERISA.

2

9.     At all times relevant to this Complaint, Plaintiff's work performance met and/or exceeded Defendant's legitimate expectations.

10.     Defendant terminated Plaintiff's employment on or about January 7, 2016.

11.     Prior to terminating Plaintiff's employment Defendant engaged in a litany of discriminatory, retaliatory, and illegal conduct, the purpose of which was: (1) to interfere with Plaintiff's continued use and enjoyment of the benefits made available to her as a condition of her employment or to keep her from attaining additional benefits; and/or (2) to discriminate against her because of her gender; and/or (3) to discriminate against her because of her age.

12.     Defendant treated one or more similarly situated males more favorably than Plaintiff with respect to the terms and conditions of employment.

13.     Defendant treated one or more similarly situated younger persons more favorably than Plaintiff with respect to the terms and conditions of employment. And, after terminating Plaintiff, Defendant replaced her with a significantly younger person under the age of forty.

14.     Prior to Plaintiff's termination, Defendant was made aware of the fact that Plaintiff's spouse, who was a participant and beneficiary under Defendant's self-insured health care plan, had serious health issues that would and did require him to undergo one or more surgeries.

15.     The direct and indirect costs to McFarling as a result of Plaintiff's spouse's health conditions amounted to substantial percentages of Plaintiff's pay.

16.     Defendant expected that the direct and indirect costs it incurred because of Plaintiff's use and enjoyment of the Plan, and/or the use and enjoyment of the Plan by her spouse, would increase in the near future, so Defendant made the decision to terminate Plaintiff's employment to interfere with such further use of and entitlement to those benefits.

17.     As a direct and proximate result of McFarling's discriminatory, retaliatory and malicious conduct, Kleptz has suffered lost wages, salary, employment benefits, and other related financial losses, including without limitation the loss of the significant benefits offered by the Plan.

**Causes of Action**

**Count One – Employee Retirement Income Security Act of 1974**

18.     The allegations set forth in paragraphs one (1) through seventeen (17) are incorporated herein by reference.

19.     At all times relevant to this complaint, Defendant maintained a qualified employee welfare benefit plan as defined in 29 U.S.C. § 1002(1)(A) and in which Plaintiff was a participant and beneficiary.

20.     Plaintiff was terminated by Defendant in retaliation for the fact that she and her husband exercised their rights under Defendant's welfare benefit plan, and in order to prevent her and/or her husband from attaining and/or exercising her rights under the plan in the future, all in violation of the anti-retaliation provisions of 29 U.S.C. § 1140.

21.     Plaintiff is entitled to past and future benefits under the Plan.

22.     Plaintiff is entitled to recover declaratory and injunctive relief.

23.     Plaintiff is entitled to recover damages from Defendant.

24.     Plaintiff is entitled to recover costs of this action, including reasonable attorney's fees.

**Count Two – Title VII Gender Discrimination Claim**

25.     The allegations set forth in paragraphs one (1) through twenty-four (24) are incorporated herein by reference.

4

26.     Plaintiff timely filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC").  The EEOC Charge generally included allegations of discrimination on the basis of age and gender.

27.     Plaintiff has received a Right to Sue letter and this Complaint is timely filed.

28.     McFarling discriminated against Kleptz because of her gender with respect to the terms and conditions of her employment while she was employed and when it made the decision to terminate her employment.

29.     As a result of McFarling's discriminatory actions, Kleptz has been damaged.

### Count Three – ADEA Claim

30.     The allegations set forth in paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

31.     McFarling discriminated against Kleptz because of her age with respect to the terms and conditions of her employment while she was employed and when it made the decision to terminate her employment.

32.      As a result of McFarling's discriminatory actions, Kleptz has been damaged.

### Relief Requested

WHEREFORE, Plaintiff, by counsel, respectfully requests the following relief:

A.     Special damages, including, but not limited to, wages, salary, employment benefits, and other compensation denied or lost due to Defendant's above-described actions;

B.     Interest on the amount awarded as special damages calculated at the prevailing rate, including both pre- and post-judgment interest where appropriate;

C.     Compensatory damages;

D.     Liquidated and/or punitive damages;

5

E. Damages to compensate Plaintiff for mental anguish and emotional distress;

F. Equitable relief, including an injunction against further violations of the applicable laws and reinstatement of Plaintiff to her position;

G. Reasonable attorneys' fees, expert witness fees, and other costs of this action; and

H. All other just and proper relief to which Plaintiff is entitled, including, with respect to the ERISA claim, the following: (1) the entry of an order and judgment providing for appropriate declaratory and injunctive relief; (2) the imposition of a constructive trust for the benefit of Plaintiff and her spouse; (3) an award of damages, including, but not limited to, wages, salary, employment benefits, and other compensation denied or lost as a result of Defendant's retaliatory and discriminatory conduct; (4) an award of costs of this action, including a reasonable attorneys' fee; and (5) all other relief just and proper in the premises.

Respectfully submitted this 26th day of October, 2017.


By /s/ Michael L. Schultz
   Michael L. Schultz (20361-49)
   PARR RICHEY FRANDSEN PATTERSON
    KRUSE LLP
   251 N. Illinois Street, Suite 1800
   Indianapolis, IN 46204
   Telephone: (317) 269-2500
   Facsimile: (317) 269-2514
   E-mail:  mschultz@parrlaw.com

   Attorneys for Plaintiff, Kristine Kleptz

## DEMAND FOR JURY TRIAL

Plaintiff, Kristine Kleptz, by her undersigned counsel, hereby requests a trial by jury pursuant to Rule 38 of the Indiana Rules of Trial Procedure.

/s/ Michael L. Schultz
Michael L. Schultz

796062

7